UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PRESTON ANDREW WATSON, | ) |
| Petitioner, | ) |
| v. | ) Nos.: 3:22-CV-436-KAC-JEM |
| | ) 3:19-CR-144-KAC-JEM-1 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Preston Andrew Watson pleaded guilty, pursuant to a plea agreement, to production and distribution of child pornography, and was sentenced on May 28, 2021 to 360 months' imprisonment [Doc. 58 (Judgment)][1]. Petitioner, through counsel, subsequently filed a "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence and Conviction by Person in Federal Custody" [Doc. 70 (Section 2255 Petition)]. The Government responded in opposition [3:22-CV-436, Doc. 10, *sealed]. For the reasons that follow, the Court **DISMISSES** Petitioner's Section 2255 Petition **IN PART** with respect to his claims that plea counsel failed to fully investigate the scope of evidence in the case, pursue objections to the Presentence Investigation Report, file a motion to withdraw plea on behalf of Petitioner, and incorporate all enhancements and departures in the plea agreement. The Court **REFERS** Petitioner's remaining Section 2255 claim to the Magistrate Judge Jill E. McCook to conduct a hearing and file proposed findings of fact and recommendations for disposition. *See* Rule 8(b), Rules Governing Section 2255 Proceedings in the United States District Courts.

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal case [No. 3:19-CR-144].

# I. Standard of Review

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court lacked jurisdiction to impose the sentence; or (3) that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). At a minimum, to obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

The petitioner bears the burden of demonstrating an error of constitutional magnitude that had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). To obtain collateral relief under Section 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts; *see also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973)

("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. *Id.* If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

## II. Factual Background

In 2016, Petitioner communicated with a sixteen (16) year old child via Snapchat, an online social networking site [Doc. 33 ¶ 16 (Revised Presentence Investigation Report (PSR)), *sealed]. Petitioner deceived the child into believing they were in a relationship [*Id.*]. Petitioner was aware of the child's age, yet he requested that she produce and send sexually explicit images of herself to him electronically [*Id.*]. The child sent Petitioner sexually explicit images over Snapchat from her home state of Virginia to Petitioner in the Eastern District of Tennessee [*Id.*]. Once Petitioner received the photos, he threatened to send the images out to social media sites if the child did not produce more explicit images and send them to him [*Id.*]. Law enforcement assumed the child's identity and requested proof that Petitioner still had the sexually explicit pictures [*Id.* ¶ 18]. Petitioner responded by sending six (6) pornographic images of the child to investigators through Kik, an internet social networking site [*Id.*].

Petitioner was arrested on September 6, 2019 [*Id.* at 2]. Further investigation revealed that Petitioner followed the above pattern with at least three (3) other minor victims, located in Sweden, Minnesota, and North Carolina [*See id.* ¶¶ 27-30]. A report by the Internet Crimes Against

3

Children (ICAC) Task Force eventually revealed 11,447 images of child pornography on Petitioner's computer and hard drive, including images and videos of minor prepubescent female children performing lewd and lascivious acts [*See id.* ¶ 31].

Petitioner ultimately pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), (Count One)[2] and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (Count Three)[3] [Doc. 20 ¶ 1 (Plea Agreement)]. Notably, Petitioner entered his plea before ICAC's forensic investigation was complete [*See* Doc. 54 at 2 (Addendum to the United States' Sentencing Memorandum), *sealed]. Accordingly, "[i]ncluded in plea discussions were 'educated guesses' as to [Petitioner's] sentencing guidelines based on the information available at the time, understanding that probation's calculations might be slightly different" [*Id.* at 3 (cleaned up)]. When the Parties executed the Plea Agreement, "[t]he government and [Petitioner's] attorney believed the guideline range would be fifteen to twenty (15-20) years, give or take a level" [*Id.*]. The record is unclear as to what precise representations either plea counsel or the Government made to Petitioner before he entered the plea agreement. But Petitioner alleges that "he was told by plea counsel . . . that Mr. Watson would receive a sentence between 15 and 20 years" [*See* Doc. 70 at 2]. And he asserts that he would testify to this representation under oath [*Id.*].

In the Plea Agreement, Petitioner waived his right to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence," subject to two exceptions [Doc. 20 ¶ 12(b)]. Petitioner "retain[ed] the right to file a § 2255 motion

---

[2] Count One carried a minimum term of imprisonment of fifteen (15) years and a maximum term of thirty (30) years. 18 U.S.C. §2251(e).
[3] Count Three carried a minimum term of imprisonment of five (5) years and a maximum term of imprisonment of twenty (20) years. 18 U.S.C. §2252A(a)(2).

as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel" [*Id.*]. Further, Petitioner agreed:

> 4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in this case. ***Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.***
>
> . . .
>
> 6. The parties agree that the appropriate disposition of this case would be the following as to each count:
>
> a) The Court may impose ***any lawful terms of imprisonment***, any lawful fines, and any lawful terms of supervised release ***up to the statutory maximums***;
>
> . . .
>
> c) No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. ***Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s).*** The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. ***The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.***

[Doc. 20 ¶¶ 4, 6 (emphasis added)]. At his change of plea hearing, Petitioner stated that he "told [plea counsel] everything [he] knew about this case" and believed that plea counsel was "aware of all the facts" [Doc. 63 at 10 (Change of Plea Transcript)]. The Court accepted Petitioner's guilty plea [Doc. 27].

5

Ultimately, based on Petitioner's offense level and criminal history, his advisory guideline imprisonment range was Life [*See* Doc. 33 ¶ 96, *sealed*]. Petitioner's total offense level included: (1) a two-level (2-level) enhancement under Guidelines Section § 2G2.2(b)(2) for material involving a prepubescent minor or a minor who had not attained the age of twelve (12) years; (2) a six-level (6-level) enhancement under Section 2G2.2(b)(3)(D) for distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity; (3) a four-level (4-level) enhancement under Section 2G2.2(b)(4) for involving material that portrayed sadistic or masochistic conduct or other depictions of violence; (4) a five-level (5-level) enhancement under Section 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor; (5) a two-level (2-level) enhancement under Section 2G2.2(b)(6) for the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material; and (6) a five-level (5-level) enhancement under Section 2G2.2(b)(7)(D) for involving at least 600 or more images [*See* Doc. 33 ¶¶ 38-44, *sealed*]. Petitioner initially objected to the enhancements under Sections 2G2.2(b)(2), 2G2.2(b)(4), and 2G2.2(b)(7)(D), [*see* Doc. 36 (Objections to Presentence Report)], but withdrew his objections at the sentencing hearing, [*see* Doc. 64 at 7-8 (Transcript of Sentencing Hearing)].

At sentencing, Petitioner requested a downward variance to fifteen (15) years' incarceration, "more in line with the parties' intentions . . . when enter[ing] into this plea agreement" [*See* Doc. 64 at 21-22]. The United States moved for a downward variance, requesting a 30-year term of imprisonment [*See id.* at 40]. In support of its motion, the United States noted that the United States felt that this case was "outside of the heartland of a lot of the cases that [it] see[s]," but that Petitioner's "sextortion" offense was severe and could not be taken lightly

6

[*See id.* at 24, 40, 55]. Ultimately, the Court sentenced Petitioner to 360 months' imprisonment [*See* Doc. 58].[4] Petitioner appealed the Court's Judgment, but voluntarily dismissed his appeal before it was heard [*See* Docs. 61 (Notice of Appeal); 67 (Order of United States Court of Appeals for the Sixth Circuit)]. His conviction became final on December 9, 2021 [*See* Doc. 67]. *See Robinson v. United States*, No. 1:04-CR-23, 2009 WL 3048459, at *2 (E.D. Tenn. Sept. 17, 2009) (concluding that when a voluntary dismissal of appeal is granted, a judgment of conviction becomes final on that date).

On December 8, 2022, Petitioner timely filed the instant Section 2255 Petition [*See* Doc. 70]. In support of his Section 2255 Petition, Petitioner alleges that plea counsel (1) "prematurely halted and limited his research and investigation into [Petitioner's] exposure" "by ignoring the possibility of additional crimes or relevant conduct being discovered" on Petitioner's electronic devices, [*id.* at 10]; (2) "failed to properly research the law regarding the applicability of the vast amount of 'relevant conduct' discovered and disclosed after [Petitioner] entered his plea," [*id.* at 11]; (3) erroneously provided Petitioner with a sentence calculation of fifteen (15) to twenty (20) years in plea discussions, [*id.* at 11-12]; (4) "fail[ed] to pursue and preserve his Notice of Objections of the Presentence Report," [*id.* at 13]; (5) failed to "file [] for a withdrawal of Mr. Watson's plea agreement or withdraw his plea" due to the "gross underestimation of [Petitioner's] exposure and sentence," [*id.* at 15]; and (6) "failed to adequately negotiate" on Petitioner's behalf because "he neglected to fully investigate the scope of the case," [*id.* at 16].

### III. Analysis

To make a claim for ineffective assistance of counsel, a petitioner must show that (1) his trial "counsel's representation fell below an objective standard of reasonableness," and (2) there is

---

[4] Petitioner's sentence consists of a term of 360 months' as to Count One of the Indictment and a term of 240 months' as to Count Three, such terms to be served concurrently [*See* Doc. 58].

7

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. And the Court "must not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors." *See Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted).

In the context of guilty pleas, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A defendant challenging his attorney's conduct during plea bargaining, moreover, 'must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence. He must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty.'" *See Pough*, 442 F.3d at 966 (quoting *United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005)).

### A. Plea counsel's purported failure to fully investigate the scope of evidence in the case does not constitute ineffective assistance of counsel.

Although "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Defense counsel must therefore "make reasonable investigations or [ ] make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. But "the duty to investigate does not force defense lawyers to scour the globe on the off chance that something will turn up." *See Rompilla v. Beard*, 545 U.S. 374, 382-83 (2005). And "an attorney does not provide deficient counsel by making

8

investigative decisions 'based, quite properly . . . on information supplied by the defendant.'" *See Cope v. United States*, 385 F. App'x 531, 533-34 (6th Cir. 2010) (quoting *Strickland*, 466 U.S. at 691). "[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691.

Here, at his change of plea hearing, Petitioner represented that he had told plea counsel everything he knew regarding his offense and believed that plea counsel was "aware of all the facts" [Doc. 63 at 10]. While the Government and plea counsel were aware of the extent of the conduct known at the time the Parties entered into the Plea Agreement, Petitioner was in the best position to know the *actual* extent of his offense, including relevant conduct. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009). And Petitioner was apprised both in his Plea Agreement and at his change of plea hearing that other facts not yet brought to light may be relevant at sentencing [*See* Docs. 20 ¶ 4; 63]. Accordingly, based on Petitioner's representations, it was reasonable for plea counsel to rely on Petitioner and conclude that further investigation into Petitioner's offense and relevant conduct was not necessary. The Court therefore **DISMISSES** this portion of Petitioner's Section 2255 Petition.

### B. Petitioner is not entitled to relief for plea counsel's failure to incorporate all enhancements and departures in the Plea Agreement.

Petitioner asserts that plea counsel should have "attempt[ed] to negotiate the inclusion of enhancements, departures, or other specific limitations into the plea agreement in order to protect [Petitioner] from the advisory nature of the sentencing guidelines" [Doc. 70 at 16]. But Petitioner has not set forth facts showing that plea counsel's failure to negotiate a more favorable plea agreement rendered his performance deficient. Further, a criminal defendant has no constitutional right to a plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). And the Government

9

is not required to accept any plea terms proffered by a defendant. *See id.* As such, even assuming that plea counsel was deficient in failing to negotiate a better plea agreement, Petitioner cannot demonstrate prejudice. Accordingly, the Court **DISMISSES** Petitioner's claim on this basis.

### C. Plea counsel's failure to file a motion to withdraw plea on behalf of Petitioner does not constitute ineffective assistance of counsel.

Petitioner further faults plea counsel for not filing a motion to withdraw his guilty plea based on the Parties' miscalculation of the estimated applicable advisory guidelines range in this case. But Petitioner's Plea Agreement and plea colloquy show that Petitioner knew that he could not void his plea simply because his advisory guidelines range or sentence was higher than had been estimated. First, Petitioner's Plea Agreement included provisions stipulating that that "[a]ny estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s)" [Doc. 20 ¶ 6(c)]. Further, Petitioner agreed that "any lawful terms of imprisonment" would be an "appropriate disposition" of the case [Doc. 20 ¶ 6(a)]. Second, Petitioner was properly apprised of the maximum sentence for his offense at the change of plea hearing [*See* Doc. 63 at 17]. Petitioner affirmed his understanding and acceptance of the terms of the Plea Agreement, confirmed that he heard the information relayed by the Government, and still choose to plead guilty [*See id.* at 11, 20]. And Petitioner once again affirmed that he understood that the Court, not the United States or defense counsel, would determine his sentence:

> **The Court**: Do you understand, Mr. Watson, that the government has not made any agreement to recommend a particular sentence and that your sentence will be determined by the Court . . . after considering the sentencing guidelines and any other information relevant to your case?
>
> **The Defendant**: I do, your honor.

10

> **The Court**: Do you understand, Mr. Watson, you will not be permitted to withdraw your guilty plea on the basis of the sentence you might receive?
>
> **The Defendant**: I understand.
>
> **The Court**: Do you understand that the Court will not be able to determine the appropriate sentence until it has received the Presentence Report in this case?
>
> **The Defendant**: I understand.

[Doc. 63 at 25-26].

Moreover, Petitioner cannot show prejudice from any failure to file a motion to withdraw. "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal." *See* Fed. R. Crim P. 11(d)(2). Petitioner avers that "the gross underestimation of [Petitioner's] exposure and sentence" would be a "fair and just reason" warranting withdrawal [*See* Doc. 70 at 15]. But Petitioner does not offer any support for this assertion. And the Sixth Circuit has held that "the fact that a defendant's guideline range is higher than expected is not such a just and fair reason." *See United States v. Gibson*, 135 F.3d 1124, 1127 (6th Cir. 1998) (citing *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990)). Accordingly, the Court **DISMISSES** this portion of Petitioner's Section 2255 Petition.

### D. Plea counsel's failure to maintain objections to the Presentence Report does not constitute ineffective assistance of counsel.

Here, Petitioner is not entitled to an evidentiary hearing on his claim of plea counsel's failure to pursue objections to the PSR. Plea counsel filed objections to portions of the PSR, requesting strict proof of the allegations supporting certain enhancements [*See* Doc. 36 (Objections to Presentence Report)]. In response, the United States identified a task force officer to provide the requisite proof, and the Parties met with the officer regarding the proof [*See* Doc. 37 (Government's Response to Defendant's Objections), *sealed]. After counsel determined that the

11

evidence properly supported the enhancements, Petitioner, through counsel, withdrew his objections at the sentencing hearing [*See* Doc. 64 at 7-8]. Because counsel was appropriately satisfied that the enhancements—which the Government further supported at sentencing [*See id.* at 23-40 (discussing the conservative calculation of images attributable to Petitioner)]—were proper, his representation did not fall below the "objective standard of reasonableness." *See Strickland,* 466 U.S. 668, 687-88; *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit."). And even assuming that counsel's failure to maintain the objections fell below the objective standard of reasonableness, Petitioner has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. Accordingly, the Court **DISMISSES** Petitioner's claim on this basis.

### E. Plea counsel's alleged failure to research sufficiently and accurately advise on sentencing matters warrants an evidentiary hearing.

Under Sixth Circuit precedent, "[t]he failure of defense counsel to 'provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance.'" *See Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) (quoting *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003); *see also Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001) (holding that defense counsel's erroneous advice concerning sentence exposure "fell below an objective standard of reasonableness under prevailing professional norms"); *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) (holding that incorrect advice about sentence exposure as a potential career offender undermined the defendant's ability to make an intelligent decision about whether to accept a plea offer). Where a petitioner appropriately raises such issues in a Section 2255 petition, the petitioner should be given "the opportunity at an evidentiary hearing to develop a record on these factual issues." *See Smith*, 348 F.3d at 554.

12

Here, Petitioner asserts that before he entered his plea agreement, plea counsel told him that he "would receive a sentence between 15 and 20 years" [Doc. 70 at 2]. Petitioner indicates that he would testify to that fact "under oath" [*Id.*]. And Petitioner states that "he would not have pled guilty had he had an accurate reflection" of his potential sentence [*Id.* at 12]. There is a genuine factual dispute as to whether plea counsel advised Petitioner that he *estimated* an advisory sentencing range of fifteen (15) to twenty (20) years or told Petitioner that he "would receive," with certainty, a sentence of fifteen (15) to twenty (20) years [*Compare* Doc. 70 at 2, *with* 3:22-cv-436 Doc. 10 at 4, *sealed*]. Accordingly, Petitioner is entitled to an evidentiary hearing on this claim to determine precisely what plea counsel represented to Petitioner regarding his potential sentence.

### IV. Conclusion

Accordingly, the Court **DISMISSES** Petitioner's Section 2255 Petition with respect to his claims that plea counsel failed to fully investigate the scope of evidence in the case, failed to pursue objections to the Presentence Investigation Report, failed to file a motion to withdraw plea on behalf of Petitioner, and failed to incorporate all enhancements and departures in the plea agreement. However, because the Court concludes that an evidentiary hearing is necessary on Petitioner's remaining claim for relief, the Court **REFERS** the remainder of Petitioner's Section 2255 Petition to the Judge McCook to conduct a hearing to determine precisely what plea counsel represented to Petitioner regarding his potential sentence and file proposed findings of fact and recommendations for disposition. *See* Rule 8(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Petitioner is entitled to counsel at the hearing. *See id.* at Rule 8(c).

13

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge