UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PRESTON ANDREW WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:22-CV-436-KAC-JEM |
| ) | 3:19-CR-144-KAC-JEM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

This action is before the Court on the remainder of the "Motion Under 28 U.S.C. 2255 To Vacate, Set Aside, or Correct Sentence and Conviction by Person in Federal Custody" [Doc. 1][1] filed by Petitioner Preston Andrew Watson.[2] United States Magistrate Judge Jill E. McCook conducted an evidentiary hearing and filed a Report and Recommendation ("the Report") recommending that the Court deny Petitioner's remaining claim [Doc. 19]. For the reasons detailed below, the Court **ADOPTS** the Report as set forth below, **OVERRULES** Petitioner's objections to the Report, and **DENIES** Petitioner's remaining Section 2255 claim.

**I.      Background**

A grand jury charged Petitioner with seven (7) counts related to child pornography [*See* 3:19-CR-144, Doc. 3]. The Court appointed a Federal Defender to represent him [3:19-CR-144, Docs. 5, 8]. Soon after, plea counsel began negotiating a plea agreement [*See* Doc. 16 at 47 (Evidentiary Hearing Transcript 47:8-11)]. Based on what Petitioner had told him and the facts

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's civil action, Case Number 3:22-CV-436.
[2] The Court previously dismissed all but one of Petitioner's claims [*See* Doc. 11].

1

that plea counsel knew, plea counsel received an estimate of the advisory guideline range term of imprisonment that would apply to Petitioner—188 to 210 months' imprisonment [*Id.* at 44 (Evidentiary Hearing Transcript 44:14-24)]. Based on this, plea counsel told Petitioner that he would receive a sentence of under twenty (20) years [*See* Doc. 19 at 7-8, 13-18].

Petitioner signed a plea agreement, agreeing to plead guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e); and one count of distribution of child pornography, in violation of 18 U.S.C. § 2251A(a)(2) [3:19-CR-144, Doc. 20 ¶ 1]. The United States agreed to dismiss the other five (5) child pornography counts at sentencing as part of the benefit of the plea agreement [*Id.* ¶ 2]. The plea agreement listed the possible punishments for each of the offenses to which Petitioner would plead [*Id.* ¶ 1].[3] Petitioner agreed that "[t]he Court may impose any lawful term of imprisonment" and that "[a]ny estimate or predications made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court" [*Id.* ¶ 6]. And Petitioner agreed that the facts in the agreement "do not necessarily constitute all of the facts of the case" and that "[o]ther facts may be relevant to sentencing" [*Id.* ¶ 4]. He also agreed that he understood "that the sentence in this case will be determined by the Court after it receives the presentence investigation report" [*Id.* ¶ 6].

Thereafter, Petitioner appeared before United States Magistrate Judge C. Clifford Shriley for a change of plea hearing [3:19-CR-144, Doc. 23]. At that hearing, after being sworn, Petitioner stated that he had "most definitely" "had ample opportunity to discuss the indictment, the charges against [him], and [his] entire case with" plea counsel [3:19-CR-144, Doc. 63 at 9-10 (Change of

---

[3] The plea agreement misstated the penalties for distribution of child pornography, overstating the potential penalty [*See* 3:19-CR-144, Doc. 20]. *See* 18 U.S.C. § 2252A(b)(1). The Court corrected the error on the record at Petitioner's change of plea hearing [*See* 3:19-CR-144, Doc. 63 at 17 (Change of Plea Hearing Transcript 17:15-17)].

2

Plea Hearing Transcript ("COP Transcript") 9:24-10:3)]. He swore that he had read his plea agreement, understood it, and signed it "with a full understanding of what both it says and what [he was] agreeing to" [*Id.* at 11 (COP Transcript 11:4-18)]. Petitioner was informed that the production of child pornography charge carried a minimum term of fifteen (15) years' imprisonment and up to thirty (30) years of imprisonment and that the distribution charge carried a minimum term of five (5) years' imprisonment and up to twenty (20) years of imprisonment [*Id.* at 17 (COP Transcript 17:7-21)].

Petitioner swore that he understood that his "sentence will be determined by the Court . . . after considering the sentencing guidelines and any other information relevant to your case" and that he would "not be permitted to withdraw [his] guilty plea on the basis of the sentence [he] might receive" [*Id.* at 25 (COP Transcript 25:14-24)]. After agreeing with the factual basis for his guilty plea, Petitioner pleaded guilty [*Id.* at 20-21 (COP Transcript 20:2-21:8)]. Based on his observations, Judge Shirley concluded that Petitioner understood "the nature of the charge to which the plea is offered and the maximum and minimum penalties provided by law for [Petitioner's] offense" [*See id.* at 28 (COP Transcript 28:4-7)]. The district judge ultimately accepted Petitioner's guilty plea [*See* 3:19-CR-144, Doc. 27].

Unbeknownst to plea counsel at the time he negotiated the plea agreement, Petitioner's electronic devices contained over 11,000 additional images of child sexual abuse material, including images of prepubescent minors and sadistic and masochistic abuse of children [*See* 3:19-CR-144, Doc. 33 ¶ 31; *see also* Doc. 16 at 47-48 (Evidentiary Hearing Transcript 47:2-48:24)]. As a result of Petitioner's actions, the Presentence Investigation Report properly calculated Petitioner's advisory guideline range as Life imprisonment [3:19-CR-144, Doc. 33 ¶ 96]. Petitioner initially objected to the presentence report, [*see* 3:19-CR-144, Doc. 36], but withdrew

3

his objections at the sentencing hearing, [*see* 3:19-CR-144, Doc. 64 at 7 (Sentencing Hearing Transcript 7:22-8:7)].

The Court held a lengthy sentencing hearing where Defendant was again advised of the statutory minimum and maximum punishments for each count of conviction, including the potential terms of imprisonment [*See id.* at 5-6 (Sentencing Hearing Transcript 5:15-6:11)]. Under oath, Petitioner confirmed that he understood these potential penalties [*See id.*]. The Court ultimately sentenced Petitioner to 360 months' imprisonment, below the properly-calculated advisory guideline range [*See* 3:19-CR-144, Docs. 64; 58 at 2]. Petitioner filed an appeal but later voluntarily dismissed the appeal [*See* 3:19-CR-144, Doc. 67].

Then Petitioner filed the instant Section 2255 petition [*See* Doc. 1 at 7]. Only one claim for ineffective assistance of counsel remains before the Court [*See* Doc. 11]. The Court referred Petitioner's remaining claim to Judge McCook "to conduct a hearing to determine precisely what plea counsel represented to Petitioner regarding his potential sentence and file proposed findings of fact and recommendations for disposition" [*See id.* at 12-13].

Judge McCook held an evidentiary hearing [Doc. 14]. Thereafter, she filed the Report, which summarized the testimony from the evidentiary hearing, made findings of fact, and recommended that the Court deny Petitioner's remaining claim [*See generally* Doc. 19]. The Report recommends that the Court deny Petitioner's claim because he has not shown prejudice because (1) Judge Shirley conducted a proper plea colloquy, and (2) even if not, it would not have been objectively reasonable for Petitioner to go to trial [*See id.* at 26-30].

Petitioner objects to the Report, arguing that (1) Judge McCook exceeded the scope of the referral, (2) the Report places too much weight on the plea colloquy at the change of plea hearing,

4

and (3) Petitioner stated, and the record supports, that he would have gone to trial had he known that he would receive a sentence of more than twenty (20) years [*See* Doc. 23 at 8-9].

II.     **Analysis**

After receiving a magistrate judge's report and recommendation regarding a Section 2255 petition, "[t]he [district] judge must determine de novo any proposed finding or recommendation to which objection is made." *Rules Governing Section 2255 Proceedings*, Rule 8(b). In his first objection to the Report, Petitioner asks the Court to apply a de novo standard of review to his objections because Judge McCook allegedly exceeded the scope of the undersigned's referral [Doc. 23 at 8]. But the law entitles Petitioner to de novo review of his properly-stated objections. *See Rules Governing Section 2255 Proceedings*, Rule 8(b). So, the Court applies de novo review, thereby resolving that objection.

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence based on claims that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). To obtain post-conviction relief under Section 2255, as pled here, Petitioner bears the burden to show "an error of constitutional magnitude." *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

"Ineffective assistance of counsel requires a two-part showing: (1) that counsel's performance was 'deficient'; and (2) that this deficient performance 'prejudiced the defense.'" *United States v. Carson*, 32 F.4th 615, 621 (6th Cir. 2022) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Even presuming that plea counsel's performance was deficient, "[e]stablishing *Strickland* prejudice in the guilty-plea context requires the defendant 'to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial.'" *See id.* at 622 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  **First**, Petitioner "must demonstrate that going to trial would have been rational under the circumstances of his case." *See United States v. Singh*, 95 F.4th 1028, 1033 (6th Cir. 2024) (quoting *Lee v. United States* 582 U.S. 357, 370 (2017)).  **Second**, he "must point to evidence contemporaneous with his plea showing it's reasonably likely *he* would have taken that route." *Id.* (quoting *Lee*, 582 U.S. at 369).  "When an attorney erroneously promises a certain sentencing outcome, a defendant cannot show prejudice if he was accurately advised during the plea colloquy." *Carson*, 32 F.4th at 622 (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)); *see also Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016)).

*United States v. Carson*, binding precedent of the United States Court of Appeals for the Sixth Circuit, forecloses Petitioner's prejudice argument.  In *Carson*, the "magistrate judge's thorough plea colloquy preclude[d] a finding of prejudice" even presuming that plea counsel promised the defendant that he would serve a lesser sentence. *See* 32 F.4th at 622.  There, just as here, the defendant was properly advised of the potential penalties, agreed that he understood the plea agreement and its terms, and knew that the Court would determine the final sentence [*See* 3:19-CR-144, Doc. 63 (Change of Plea Hearing Transcript)]. *See Carson*, 32 F.4th at 622. This precedent is not just of recent vintage.  In *Ramos v. Rogers*, the Sixth Circuit concluded that a defendant was not prejudiced by his counsel's promise that he would be released on probation one-year into his sentence because "the state trial court's proper colloquy can be said to have cured any misunderstanding [the defendant] may have had about the consequences of his plea."  170 F.3d at 565.  To allow a defendant's "subjective impression rather than the record" to determine prejudice would "render[] the plea colloquy process meaningless." *See id.* at 566.  Accordingly, the Court overrules Petitioner's second objection.

6

But even if *Carson* did not control or apply, Petitioner fails to otherwise show prejudice. Petitioner asserts that he "would have proceeded to trial rather than plead to any sentence over 20 years" [*See* Doc. 23 at 10]. Petitioner's subjective assertion is supported by his statements made under oath at the hearing on the remaining claim [*See* Doc. 19 at 11]. But his subjective assertion does not control the legal analysis. The first prong of the "test is objective, not subjective." *Pilla v. United States*, 668 F3d 368, 373 (6th Cir. 2012). So, "to obtain relief on this type of claim," Petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *See id.* (quoting *Padilla v. Kentucky*, 599 U.S. 356, 372 (2010)); *see also Singh*, 95 F.4th at 1033.

This he has not done. The evidence against Petitioner was overwhelming. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). He demanded sexually explicit images from a child, knowing that she was a child [*See* 3:19-CR-144, Doc. 33 ¶ 16]. Once, when the child hesitated to send Petitioner explicit images of herself, he threatened to post the explicit images he already had of her to social media [*See id.* ¶ 17]. And after the child went to law enforcement, Petitioner sent six (6) sexually explicit pictures of her to an undercover officer [*See id.* ¶ 18]. There were other victims with similar experiences too [*See id.* ¶¶ 27-20]. Plea counsel, to his credit, recognized that "[i]t was pretty clear from the initial discovery review that guilt and innocence wasn't going to drive the bus on this one" because Petitioner was caught in "a sting operation" and "we were in a very bad spot" [Doc. 16 at 49-50 (Evidentiary Hearing Transcript 49:16-50:12)]. The record supports that assessment. And the sentence Petitioner faced at a trial, where all seven (7) counts of the Indictment would be before the jury, was significantly higher than the sentence he faced under the plea agreement and the ultimate sentence the Court selected [*See* Doc. 24 at 8-

7

Case 3:22-cv-00436-KAC-JEM   Document 25   Filed 02/13/26   Page 7 of 8   PageID #: 246

9]. Accordingly, this prejudice argument fails. And the Court overrules Petitioner's third objection.

### III. Conclusion

For the above reasons, the Court **ADOPTS** the Report as set forth above, **OVERRULES** Petitioner's objections to the Report, and **DENIES** Petitioner's remaining Section 2255 claim. Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** his "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 1; 3:19-CR-144, Doc. 70] and **DISMISSES** Petitioner's civil action, Case Number 3:22-CV-436. An appropriate judgment will enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a Petitioner, the Court must "issue or deny a certificate of appealability." The Court may issue a certificate of appealability only when Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claims is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claims. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.

SO ORDERED.

*/s/ Katherine Crytzer*
KATHERINE A. CRYTZER
United States District Judge